UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON A. KING,

                Plaintiff,

        -against-

UNITED STATES GOVERNMENT
FEDERAL; UNITED STATES FEDERAL
BUREAU OF INVESTIGATION,

                Defendants.

23-CV-4860 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction. He seeks to brings claims against the United States Government and the Federal

Bureau of Investigation ("FBI"). By order dated June 13, 2023, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court

dismisses the complaint under the doctrine of sovereign immunity.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Taking all of these standards together, courts liberally construe pleadings prepared by *pro se* litigants and hold them "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## BACKGROUND

Plaintiff brings this action against the United States Government and the FBI. Plaintiff alleges that, from November 1, 2016, through June 6, 2023, "I have contacted the offices several times to resolve a privacy invasion issue whereas I'm being harassed and over utilized on an astronomical level." (ECF 1, at 5.) Plaintiff contends that "civilians are being instructed on what to do to study anomalies and also cover up the facts of findings which have occurred around

2

myself." (*Id.*) He further contends, "I have  . . . phoned several times, come in person, and also

sent in via mail. They have given demonstrations of said behavior at 1 Federal Plaza in front of

FBI Agents who have been negligent in contacting myself and/or reaching out appropriately

given the nature/severity of the issue." (*Id.*) Plaintiff indicates he has made "several attempts to

discuss with NYCHA [New York City Housing Authority] and also federal monitor it being a

federally monitored entity." (*Id.* at 6.) Plaintiff states he has suffered "deformation, several

hospitalizations, assaulted." (*Id.*) He seeks money damages in the amount of $150,000,000 and

"corrective health . . . procedures." (*Id.*)

## DISCUSSION

Any claims Plaintiff may be asserting against the United States Government and the FBI

are barred under the doctrine of sovereign immunity. The doctrine bars federal courts from

hearing all suits against the federal government and its agencies, except where sovereign

immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United

States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21

F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in

their official capacities is essentially a suit against the United States, such suits are . . . barred

under the doctrine of sovereign immunity, unless such immunity is waived.").

The Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity for

certain claims arising from the tortious conduct of federal officers or employees acting within the

scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. A plaintiff must comply

with the FTCA's procedural requirements, however, before a federal court can entertain his

claims. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other

grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015).

Specifically, before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a).

Inasmuch as Plaintiff asserts damages claims under the FTCA against the United States Government and the FBI, he has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal governmental entity for damages and received a final written determination before bringing this action, nor has he alleged facts showing that it has been more than six months since he has filed such an administrative claim. Thus, because the FTCA does not provide a waiver of sovereign immunity in this case, Plaintiff's claims against Defendants are barred under the doctrine of sovereign immunity. Accordingly, the Court dismisses the complaint under Section 1915(e)(2)(B)(iii) because Plaintiff seeks relief from Defendants who are immune from such relief.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because Plaintiff may be able to allege facts showing that he exhausted a claim under the FTCA by filing an administrative claim with the appropriate agency, the Court grants Plaintiff 30 days' leave to file an amended complaint to state facts in support of any FTCA claim he wishes to pursue.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), with 30 days' leave to file an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 22, 2023
         New York, New York

                           /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                       Chief United States District Judge